**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1935**

HEATHER ROME,

             Plaintiff – Appellant,

      v.

DEVELOPMENT ALTERNATIVES, INC.,

             Defendant – Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:11-cv-02965-RWT)

Argued:  September 17, 2014          Decided:  October 8, 2014

Before WILKINSON, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Donald James Walsh, OFFIT KURMAN, P.A., Owings Mills,
Maryland, for Appellant.  Kathleen Mae Williams, EPSTEIN BECKER
& GREEN, P.C., Washington, D.C., for Appellee.  **ON BRIEF:**
Stephen H. Kaufman, OFFIT KURMAN, P.A., Owings Mills, Maryland,
for Appellant.  Frank C. Morris, Jr., EPSTEIN BECKER & GREEN,
P.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heather Rome contends in this Title VII action that her former employer, Development Alternatives, Inc. ("DAI"), involuntarily transferred and constructively discharged her because she complained to DAI management about the alleged misogynistic conduct of another DAI employee. The district court entered summary judgment in DAI's favor, concluding that Rome failed to present sufficient evidence to establish a prima facie case of retaliation.[1] For the reasons that follow, we affirm.

I

Under Rule 56(a) of the Federal Rules of Civil Procedure, the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In making that determination, the district court must view the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 134 S.Ct. 1861, 1866 (2014). We review the grant of summary judgment de novo, using the same standard. Henry v. Purnell, 652 F.3d 524, 531 (4th Cir.) (en banc), cert. denied, 132 S.Ct. 781 (2011).

---

[1] Rome brought several other claims against DAI. The district court also entered summary judgment for DAI on those claims, but Rome has limited this appeal to her retaliation claim.

The pertinent portion of Title VII, 42 U.S.C. § 2000e-3(a), prohibits "employer retaliation on account of an employee's having opposed, complained of, or sought remedies for, unlawful workplace discrimination." Univ. of Tex. S.W. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2522 (2013). Because Rome did not present direct evidence of retaliation, the district court analyzed her retaliation claim under the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Under this framework, the employee must first establish a prima facie case of retaliation. To do so, the employee must show that (1) she engaged in a protected activity; (2) her employer acted adversely against her; and (3) the protected activity was causally connected to the adverse action. Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011). If the employee makes this showing, the burden shifts to the employer to present a legitimate non-retaliatory reason for the alleged adverse action. Id. This is "a burden of production, not persuasion." Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007). If the employer meets this burden, the employee must show that the proffered reason is pretextual – i.e., "unworthy of credence." Id. Throughout this process, the employee bears the ultimate burden of establishing that her

3

protected activity "was a but—for cause" of the alleged adverse action. Nassar, 133 S.Ct. at 2534.

An employer that deliberately makes the working conditions intolerable in an effort to induce an employee to quit can be considered to have constructively discharged the employee. See Freeman v. Dal-Tile Corp., 750 F.3d 413, 425 (4th Cir. 2014). To succeed on a constructive discharge claim, the employee must prove two elements: (1) the deliberateness of the employer's actions, motivated by unlawful bias, and (2) the objective intolerability of the working conditions. Id. We have explained that because the claim of constructive discharge "is so open to abuse by those who leave employment of their own accord," it must be "carefully cabined," and "dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign," Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 187 (4th Cir. 2004) (citations omitted and punctuation altered).

II

Generally, the evidence in this case establishes that DAI is a government contractor that works with different nations to achieve various humanitarian and economic changes. Beginning in 2002, DAI was awarded a contract which was aimed at promoting democracy in Venezuela. In 2005, Rome took a position supporting

4

this contract in DAI's Venezuelan office. One of Rome's co-employees in the Venezuela office was Eduardo Fernandez. Rome and Fernandez were supervised by Mike Godfrey in DAI's Bethesda, Maryland, office; Godfrey reported to Bruce Spake.

In early January 2008, while she was in the United States, Rome met with Spake and complained about Fernandez's conduct. In response, DAI management summoned Fernandez to its home office and issued him a warning. Rome's complaint was referred to Human Resources, which in turn investigated and worked to resolve the issues.[2] Following an investigation by DAI management, which included a visit to Venezuela by Godfrey, DAI sponsored team-building exercises and provided a mentor to work with the Venezuela staff. Despite DAI's efforts, Rome's relationship with Fernandez did not improve, and they were unable to work together productively.

In March 2008, shortly after the mentoring program concluded, Rome began an approved personal leave to travel to China. Upon her return from China, Rome advised DAI of medical issues and her need for surgery, which was scheduled in the United States. Rome extended her leave several times, initially

---

[2] Rome makes much of the fact that a member of DAI's human resources department initially opined that Fernandez should be removed from his position in the Venezuela office. That employee's opinion, however, was made before DAI had fully investigated Rome's complaints, and it was not shared by other human resources personnel.

with a return date of May 7, then early June, and then June 25. Finally, as of August 25, Rome notified DAI that she remained unable to work.

On June 12, Spake, with whom Rome acknowledges a long-standing good relationship, telephoned Rome to discuss staffing in the Venezuela office. Rome advised Spake that she was unable to return to work at that time. Spake stated that it was necessary to fill Rome's position in Venezuela and that he would personally assist Rome in obtaining any job in the company in which she was interested when she was able to return to work. Rome voiced no objection to this plan, and in her deposition stated that she always intended to return to DAI. However, she never notified DAI that she was able to return to work, she did not respond to messages from DAI, and she never inquired about any DAI job openings. Rome remained employed by DAI with full benefits until January 2009, when DAI concluded that she had abandoned her employment.

DAI moved for summary judgment on Rome's retaliation claim, arguing that she could not establish any of the elements of a prima facie case of retaliation, could not establish pretext, and could not establish that she was constructively discharged. In granting summary judgment for DAI, the district court concluded that Rome engaged in protected activity when she complained to DAI management about Fernandez's conduct, but she

6

failed to establish that she suffered an adverse action (including a constructive discharge) and failed to demonstrate a causal connection between her protected conduct and the alleged adverse actions.

Explaining its conclusion regarding the adverse action element, the district court noted that Rome admitted in her deposition "that she was told that she could choose to work anywhere [in DAI] upon her return [from medical leave] and she never advised [DAI] when she planned to return and never requested a specific transfer position." J.A. 1312-13. In light of this record, the court stated that "it's quite difficult, if not impossible . . . to determine whether a transfer is a constructive discharge when no transfer position was tendered, nor rejected by [Rome]." J.A. 1313. For this reason, the court found that it had insufficient facts to "conclude reasonably that a proposed transfer was intolerable because there is no information regarding the potential transfer location, job duties or salary." Id.

Explaining its conclusion regarding the causal connection element, the district court noted that there was not an especially strong temporal connection between Rome's complaint about Fernandez and the alleged adverse action. The court further stated that based on the circumstances presented – i.e., Rome took an extended leave of absence, she was offered the

7

opportunity to return but did not do so, and her job was deemed abandoned – "there simply is an inadequate basis to find the causal connection." J.A. 1314.

Based on these conclusions, the district court held that Rome failed to establish a prima facie retaliation case and, accordingly, DAI was entitled to summary judgment on the retaliation claim. Given the dispositive nature of that holding, the court did not address DAI's pretext argument.

## III

On appeal, Rome challenges the district court's conclusion that she failed to establish a prima facie retaliation case. In response, DAI contends that the court's conclusion is, with one exception, correct.[3] Additionally, DAI reiterates its argument that even if Rome could establish a prima facie case, she has failed to present sufficient evidence to establish that its stated reasons for transferring her from Venezuela and terminating her employment are pretextual.

Having carefully considered the record, the briefs, and the oral arguments, we conclude that the district court properly determined that Rome failed to establish a prima facie

---

[3] Although DAI agrees with the district court that Rome failed to establish a prima facie retaliation case, it cursorily argues that the court incorrectly concluded that Rome engaged in protected activity under Title VII. See Brief of Appellee, at 23 n.12. For purposes of our decision, we need not resolve this issue.

8

retaliation case. Without deciding all of the issues before us, we specifically hold that the court correctly concluded that Rome failed to establish: (1) that she was constructively discharged and (2) the existence of a causal connection between her complaint about Fernandez and DAI's decision to transfer (and ultimately to terminate) her.

Apart from Rome's failure to establish a prima facie case, we also hold that she has failed to present sufficient evidence of pretext. See Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 222 (4th Cir. 2002) (court of appeals may affirm on any basis fairly supported by the record). DAI has presented evidence tending to establish that Spake decided to remove Rome from the Venezuelan office for a variety of reasons, including her inability to return to work from her leave of absence, his awareness that she had been previously applying for other DAI jobs, his perception (and advice from other employees) that Rome was unhappy in Venezuela, and the fact that everyone was satisfied with Rome's temporary replacement in Venezuela.[4] Moreover, DAI has posited that it ultimately terminated Rome's employment because she abandoned it. Rome's failure to establish that these reasons are unworthy of credence (or are otherwise

---

[4] While Rome was on leave, Erin Upton-Cosulich filled in for her in the Venezuela office. Upton-Cosulich eventually replaced Rome.

pretextual) is an additional ground supporting the summary judgment.[5]

IV

Based on the foregoing, we affirm the summary judgment entered in DAI's favor on Rome's Title VII retaliation claim.

AFFIRMED

---

[5] We note that Rome states in her appellate brief that DAI removed her from Venezuela "because of its economic concerns for keeping its customer happy and winning the [Venezuela] contract on recompete." Brief of Appellant, at 20; see also id. at 32 ("DAI elected to remove Ms. Rome out of concern for client interests and concern over winning the recompete of the [Venezuela] contract"). These business reasons, if true, do not tend to establish that DAI transferred Rome because she complained about Fernandez.

10